PICARDI PHILIPS & OTTAVIANO  
By: Gregory W. Philips, Esquire  
ID # 87132  
1129 E. High Street, P.O. Box 776  
Pottstown, PA 19464-0776  
610-323-1400    Attorney for  
610-323-4660 (f)    Estate of Sonia N. Rosas  

---

UNITED STATES BANKRUPTCY COURT FOR THE  
EASTERN DISTRICT OF PENNSYLVANIA  

| | |
|---|---|
| IN RE:    ENOCK BURGOS, JR., | :  Chapter 13 |
| Debtor | :  Case No. 25-12562-djb |
| Jennifer D. Gayle, Administrator d.b.n. c.t.a for the Estate of Sonia N. Rosas, Deceased | : |
| Movant | : |
| vs. | : |
| Enock Burgos, Jr., | : |
| Respondent | : |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**  
**PURSUANT TO 11 U.S.C. §§362(d)(1) & (2) AND RULE 4001(a)(1)**

Creditor, Jennifer D. Gayle, in her capacity as Administrator d.b.n. c.t.a. of the Estate of Sonia N. Rosas, Deceased, by and through her undersigned counsel, hereby moves this Honorable Court for an order, pursuant to 11 U.S.C. §§362(d)(1) and (2) and Rule 4001(a)(1) granting the Estate of Sonia N. Rosas relief from the automatic stay and in support thereof avers as follows:

1.    Movant, Jennifer D. Gayle, (hereinafter "Gayle") is the court appointed Administrator of the Estate of Sonia N. Rosas, having been appointed by the Montgomery County Court of Common Pleas, Orphans' Court Division on February 26, 2025, effective upon qualification before the Register of Wills. Gayle was qualified and her appointment was confirmed by the Register of Wills on March 10, 2025. A true and correct copy of the Court's February 26, 2025 Order and the Decree of the Register dated March 10, 2025 are collectively attached as **Exhibit 'A.'**

2. Sonia N. Rosas (hereinafter "Decedent") died intestate on July 4, 2020, a resident of Montgomery County, Pennsylvania.

3. At the time of her death, the Decedent was survived by her Husband, Joel Rosas (hereinafter "Rosas"), Respondent, Enock Burgos (hereinafter "Burgos"), and a granddaughter, Isabella Burgos (hereinafter "Isabella"), who is the issue of Decedent's predeceased son.

4. Burgos is not the biological son of Rosas.

5. Rosas is not biological grandfather of Isabella.

6. Pursuant to 20 Pa. C.S. §2102(4), if there are surviving issue of the decedent, one or more of whom, are not issue of the surviving spouse, the spouse is entitled to one-half of the intestate estate.

7. As a matter of Pennsylvania law, Rosas is entitled to fifty (50%) percent of Decedent's Estate; Isabella is entitled to Twenty Five (25%) percent of Decedent's Estate, and Burgos entitled to the remaining Twenty Five (25%) percent of the Estate.

8. On July 23, 2020, at Burgos's request, Rosas executed a renunciation allowing Burgos to serve as the personal representative of his mother's estate.

9. On August 28, 2020, the Montgomery County Register of Wills issued letters of Administration to Burgos. A true and correct copy of the Certificate of Grant of Letters issued by the Montgomery County Register of Wills is attached as **Exhibit 'B.'**

10. From the date of his appointment, Burgos took possession of and liquidated Decedent's personal assets, including, but not limited to personal property, cash, bank accounts, and the sale of Decedent's residence on or about May 6, 2022 for the sum of $185,000.00. A true and correct copy of the HUD-1 Settlement Sheet is attached as **Exhibit 'C.'**

11. Although the Court of Common Pleas required Burgos to account for all of Decedent's personal and real property, Burgos has refused.

12. On February 26, 2025, following a hearing on February 25, 2025, the Orphans' Court removed Burgos as administrator and appointed Gayle as successor administrator.

13. Based on the documents provided by Burgos, Gayle has been able to document a minimum of $109,000.00 that is missing from the Estate.

14. Further, Burgos admits to breaching his fiduciary duty to Rosas and Isabella by using the Estate's Funds to pay for his monthly living expenses, including mortgage payments for his residence, utilities and food, and floating his construction contracting business.

15. Burgos mismanaged Decedent's Estate, leaving the Estate insolvent.

16. To date, Rosas has not received his Fifty (50%) percent share of his wife's Estate.

17. To date, Isabella has not received her Twenty Five (25%) percent share of her grandmother's estate.

18. Burgos did not provide notice to the Estate that he filed for a Chapter 13 Bankruptcy on June 25, 2025.

19. Nor did Burgos list the more than $109,000 that he owes to Decedent's Estate as a claim against his bankruptcy Estate.

20. Further, the debt owed to the Estate is not dischargeable pursuant to 11. U.S.C. §523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

21. From the date of his appointment as the Administrator of Decedent's Estate by the Register of Wills to the date that the Orphans' Court removed him as Administrator, Burgos was acting in a fiduciary capacity.

22. Movant is entitled to immediate relief from the Automatic Stay pursuant to §362(d)(1) for cause as Burgos has not provided the Estate adequate protection that he will repay the funds he removed from the Estate.

23. Movant is entitled to immediate relief from the Automatic Stay pursuant to §362(d)(2) as Burgos has no equity in the property that he removed from the Estate, used to pay his mortgage, utility bills and food bills, nor is Burgos's interest in the assets listed necessary for an effective reorganization.

24. Movant has cause to have relief from the automatic stay effective immediately and not subject to Rule 4001(a)(4) because the recovery of the funds removed by Burgos from the Estate is time sensitive and further delay will irreparably harm the remaining Beneficiaries of the Estate.

**WHEREFORE**, Administrator d.b.n. c.t.a., Jennifer D. Gayle respectfully requests this Honorable Court to enter an order:

a. Terminating the Automatic Stay as to the Estate of Sonia N. Rosas, its administrators and beneficiaries;

b. Permitting the Estate of Sonia N. Rosas and its Administrator to take such action and seek such remedies against Respondent under Pennsylvania and other applicable law to secure the return of the funds inappropriately removed from the Estate of Sonia N. Rosas;

c. Granting relief from Rule 4001(a)(4); and

d. Granting such other relief as the Court determines to be right and just.

Respectfully submitted

Picardi Philips & Ottaviano

Gregory W. Philips, Esquire
Attorney for Jennifer D. Gayle
Administrator d.b.a. c.t.a. of the
Estate of Sonia N. Rosas
POB 776
Pottstown, PA 19464
Telephone: 610-323-1400, ext. 209