UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:   ENOCK BURGOS, JR., | : | Chapter 13 |
| | : | |
| Debtor | : | Case No. 25-12562-djb |
| | : | |
| Jennifer D. Gayle,<br>Administrator d.b.n. c.t.a for the<br>Estate of Sonia N. Rosas, Deceased | : : : | |
| Movant | : | |
| vs. | : | |
| | : | |
| Enock Burgos, Jr., | : | |
| Respondent | : | |

### AFFIDAVIT OF JENNIFER D. GAYLE, ESQUIRE, IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1) & (2) AND RULE 4001(a)(1)

I, Jennifer D. Gayle, Esquire, am the Administrator for the Estate of Sonia N. Rosas, Deceased (the "Estate"), having been appointed by the Montgomery County Court of Common Pleas, Orphans' Court Division (the "Orphans' Court"), on February 26, 2025, effective upon qualification before the Register of Wills. A true and correct copy of the Orphans' Court's February 26, 2025 Order and the Decree of the Register of Wills dated March 10, 2025 are collectively attached to this Affidavit as **Exhibit "A"**.

Sonia N. Rosas ("Decedent") died intestate on July 4, 2020, a resident of Montgomery County, Pennsylvania.

At the time of her death, Decedent was survived by her husband, Joel Rosas, her only surviving son, Enock Burgos, Jr. ("Mr. Burgos") and a minor granddaughter, I.B., who is the daughter of a predeceased son. Under Pennsylvania law, 20 Pa. C.S. §2102(4), Decedent's husband is entitled to fifty (50%) percent of her Estate. I.B. and Mr. Burgos are entitled to equal shares in the remaining 50% of Decedent's Estate (25% percent each).

On August 28, 2020, the Montgomery County Register of Wills issued Letters of Administration to Mr. Burgos. A true and correct copy of the Certificate of Grant of Letters is attached as **Exhibit "B"**.

Upon his appointment, and except for Decedent's vehicles, Mr. Burgos took possession of and liquidated all of Decedent's personal assets including personal property, cash, bank accounts and Decedent's residence, which was sold on or about May 6, 2022, for the sum of One Hundred Eighty-Five Thousand Dollars ($185,000.00).

Mr. Burgos failed to distribute or account for any of the assets of the Estate as required by the Orphans' Court.

On February 26, 2025, the Orphans' Court removed Mr. Burgos as Administrator.

On June 25, 2025, Mr. Burgos filed for Chapter 13 Bankruptcy. However, Mr. Burgos did not inform me that he had filed for bankruptcy even though he knew that the Estate sought to collect the amount that he had misappropriated from the Estate. In addition, Mr. Burgos did not disclose the fact that he filed for bankruptcy at a deposition that was held on August 20, 2025, pursuant to the Orphans' Court Order dated May 27, 2025.

It also appears that Mr. Burgos did not notify his Orphans' Court litigation counsel about his bankruptcy filing and that Mr. Burgos did not notify his bankruptcy counsel about the litigation pending in the Estate and the misappropriation of the assets of the Estate.

During his deposition, Mr. Burgos admitted that his mother's husband was entitled to a fifty percent (50%) share of the Estate, and that he was personally entitled to a twenty-five percent (25%) share and that I.B. was entitled to a twenty-five percent (25%) share of the Estate. Mr. Burgos admitted that he used all of the funds of the Estate to pay his personal expenses, including the payment of his business expenses. Mr. Burgos further admitted that he made no distributions of the Estate's assets to the beneficiaries.

To date, neither Decedent's husband, Joel Rosas, nor her granddaughter, I.B., have received their rightful shares of the Estate because Mr. Burgos misappropriated these funds for his personal and business expenses. To date, Mr. Burgos owes a minimum of One Hundred Nine Thousand Dollars ($109,000.00) to the Estate due to his fraud and breach of fiduciary duty. Section 362(d)(1) allows this Court to provide relief from the automatic stay for cause.

Further, this Court may grant relief under Section 362(d)(2) if the Debtor does not have any equity in such property and/or such property is not necessary to effective reorganization. Mr. Burgos has no equity in the Estate's property used by him to pay his own bills and living expenses. Further, he has no equity in his business assets, nor his personal property. As a result, I am requesting that this Court grant the Estate of Sonia N. Rosas, Deceased, relief from the Automatic Stay and lift the 14-day waiting period pursuant to Rule 4001(a)(1).

Dated: October 7, 2025

_____
Jennifer D. Gayle, Esquire

IN WITNESS WHEREOF, I have hereunto set my hand and official seal, this 7th day of October, 2025.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Nancy E. Piechota, Notary Public
Montgomery County
My commission expires December 18, 2027
Commission number 1238719
Member, Pennsylvania Association of Notaries