**PICARDI PHILIPS & OTTAVIANO**
By: Gregory W. Philips, Esquire
ID # 87132
1129 High Street, P.O. Box 776
Pottstown, PA 19464-0776
610-323-1400                                          **Attorney for Creditor - Estate**
610-323-4660 (f)                                      **of Sonia Rosas**

---

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Burgos, Enock Jr.,                :
                                         :  Case No. 25-12562
         Debtor                          :  Chapter 13

## ESTATE OF SONIA N. ROSAS' OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

Objector, Jennifer D. Gayle, Administrator d.b.n. c.t.a. of The Estate of Sonia N. Rosas (the "Estate"), by and through her undersigned counsel, hereby objects to Debtor's Second Amended Chapter 13 Plan, as follows:

1. Debtor, Enock Burgos, Jr., filed a Petition for Bankruptcy pursuant to Chapter 13 of the Bankruptcy Code dated June 25, 2025.

2. Debtor is the former Executor of the Estate who misappropriated assets equaling a minimum of $109,000 from the Estate for his personal use.

3. Debtor filed an amended Schedule E/F on September 10, 2025 that included the amount due by Debtor to the Estate in the amount of $109,000.00 as a non-dischargeable debt.

4. Debtor's Second Amended Chapter 13 Plan, filed on October 9, 2025, does not include the debt owed to the Estate.

5. Nor does Debtor's Second Amended Plan provide for sufficient repayment of the Estates debt. A true and correct copy of the Debtor's Second Amended Plan is attached as **Exhibit 'A'**.

6. On October 13, 2025, the Estate filed Proof of Claim No. 12 asserting a claim for the misappropriated funds of the Estate in the amount of $109,000.00. A copy of the Estate's proof of claim is attached as **Exhibit 'B'.**

7. §1325(a)(4) states, in part, that the value of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.

8. §1325(a)(6) states, in part, the debtor will make all payments under the plan.

9. §1325(b) states, in part, that the Court may not approve a plan unless, the value of the property to be distributed is not less than the amount of such a claim; or all of the debtor's project disposable income will be applied to make payments to the unsecured creditors under the plan.

10. Part 5 of Debtor's Second Amended Plan does not provide for unsecured claims in an amount equal to that which would be paid on such claim if the Estate would be liquidated under Chapter 7.

11. Debtor will be unable to make all payments under the plan as proposed.

12. Nor does Part 5 of Debtor's Second Amended Plan does not propose to pay the full value of the Estate's claim.

13. Debtor, as of the date of filing this Objection, has not furnished the Estate with a payment of adequate assurance.

WHEREFORE, the Estate of Sonia N. Rosas respectfully requests that confirmation of the Debtor' Chapter 13 Plan be denied.

                                              Respectfully submitted,

                                              PICARDI PHILIPS & OTTAVIANO

10/13/25
Date:

                                              Gregory W. Philips, Esquire
                                              Attorney for Jennifer D. Gayle
                                              Administrator d.b.n.c.t.a. of the Estate of
                                              Sonia N. Rosas
                                              1129 High Street, P.O. Box 776
                                              Pottstown, PA 19464-0776
                                              Telephone: 610-323-1400