# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Enock Burgos, Jr., <br><br> *Debtor*. | Chapter 13 <br> Case No. 25-12562-DJB |

## RESPONSE TO THE ESTATE OF SONIA N. ROSAS' OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

**AND NOW**, Debtor Enock Burgos, Jr. by and through his counsel, Cibik Law, P.C., hereby responds to the Objection to Debtor's Chapter 13 Plan filed by the Estate of Sonia Rosas (the "Estate") and in support thereof avers the following:

1. In response to the Estate's paragraph (1), the Respondent admits the allegation.

2. In response to the Estate's paragraph (2), the Respondent denies the allegation. Whether the Debtor did or did not misappropriate assets while serving as the Executor of the Estate is an allegation that must be litigated in the Orphans' Court.

3. In response to the Estate's paragraph (3), the Respondent admits the allegation.

4. In response to the Estate's paragraph (4), the Respondent admits the allegation. The Estate's proof of claim is for the Debtor's potential non-dischargeable debt to the Estate should it be found in the Orphans' Court that the Debtor missappropriated the assets of the Estate while serving as its Executor. A judgment had not been obtained against the Debtor at the time the instant case was filed, and any potential debt, while non-dischargeable, is unsecured, and therefore need not be specifically listed in the plan.

5. In response to the Estate's paragraph (5), the Respondent denies the allegation. The Debtor's current proposed Chapter 13 Plan is a pro-rata plan that pays out what funds are available after secured and priority creditors have been paid to all unsecured creditors, split equally amongst them. As an unsecured creditor, the Estate is receiving the same treatment in the plan as all other unsecured creditors.

6. In response to the Estate's paragraph (6), the Respondent admits the allegation.

7. In response to the Estate's paragraph (7), the Respondent admits the allegation.

8. In response to the Estate's paragraph (8), the Respondent admits the allegation.

9. In response to the Estate's paragraph (9), the Respondent admits the allegation.

10. In response to the Estate's paragraph (10), the Respondent denies the allegation. Per the most recent Schedule C filed at ECF No. 32, all of the Debtor's assets are fully exempt under the applicable Federal exemptions. Since all of the Debtor's assets are fully exempt, no assets would be liquidated under Chapter 7, and unsecured creditors would receive nothing. Furthermore, the Debtor's disposable income is not determined under §1325(b)(3), so there is no specific amount of money that he is required to pay to unsecured creditors each month of his bankruptcy plan. So, the Debtor's current proposed plan is in line with §1325.

11. In response to the Estate's paragraph (11), the Respondent denies the allegation. His current Schedule J filed at ECF No. 33 shows the plan is feasible.

12. In response to the Estate's paragraph (12), the Respondent admits the allegation. The Debtor's plan does not propose to pay the full value of the Estate's claim because it is not required to. The Estate's claim is receiving the same treatment as all other unsecured claims.

13. In response to the Estate's paragraph (13), the Respondent admits the allegation. The Debtor has not furnished the Estate with an adequate assurance payment because there is no basis for it. Adequate assurance payments are meant to compensate secured creditors for the depreciation in the value of their collateral. Furthermore, adequate assurance payments are typically distributed to a secured creditor by the Chapter 13 Trustee from the funds that accumulate as the Debtor makes monthly payments to the Chapter 13 Trustee pre-confirmation, but only after the Debtor and creditor stipulate to the same and that stipulation is filed on the docket and approved by the Judge's order. The Estate is an unsecured creditor, has no collateral, and no stipulation has been approved by the Judge, so no adequate assurance payments are warranted for that reason.

WHEREFORE, the Debtor hereby requests that the Estate's Objection to Debtor's Chapter 13 Plan be overruled in the form of the attached order.

Date: October 14, 2025

CIBIK LAW, P.C.
*Counsel for Debtor*

By: _____
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com