United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-12562-djb |
| Enock Burgos, Jr | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 04, 2026 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol   Definition**

+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 06, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Enock Burgos, Jr, 1016 Harrison Street, Philadelphia, PA 19124-2920 |
| cr | + | Jennifer D Gayle, Estate of Sonia N. Rosas, Deceased, 840 First Avenue, Suite 100, King of Prussia, PA 19406-4063 |
| cr | + | LakeView Loan Servicing, LLC, Stern & Eisenberg, PC, 1581 Main Street, Suite 200, Warrington, PA 18976, UNITED STATES 18976-3403 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: megan.harper@phila.gov | Mar 05 2026 00:17:00 | CITY OF PHILADELPHIA, City of Philadelphia Law Department, 1401 JOHN F. KENNEDY BLVD., 5TH FLOOR, Tax Litigation and Collections Unit, Philadelphia, PA 19102-1595 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 06, 2026        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 4, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DANIEL P. JONES | on behalf of Creditor LakeView Loan Servicing  LLC djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| GREGORY W. PHILIPS | on behalf of Creditor Jennifer D Gayle gwphilips@ydasp.com  philipslaw@comcast.net |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Mar 04, 2026 | Form ID: pdf900 | Total Noticed: 4 |

KENNETH E. WEST
    ecfemails@ph13trustee.com  philaecf@gmail.com

MATTHEW K. FISSEL
    on behalf of Creditor LakeView Loan Servicing  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

MEGAN N. HARPER
    on behalf of Creditor CITY OF PHILADELPHIA megan.harper@phila.gov  Edelyne.Jean-Baptiste@Phila.gov

MICHAEL A. CIBIK
    on behalf of Debtor Enock Burgos  Jr help@cibiklaw.com,
noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

STEVEN K. EISENBERG
    on behalf of Creditor LakeView Loan Servicing  LLC seisenberg@sterneisenberg.com, bkecf@sterneisenberg.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: Enock Burgos, Jr. | : | Chapter 13 |
| | : | |
| | : | |
| Debtor. | : | Bky. No. 25-12562 (DJB) |

## O R D E R

**AND NOW**, upon consideration of the Application for Compensation [Dkt. No. 55], the "Application") filed by Michael A. Cibik (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of $5,197.50 for legal services provided to the Debtor in this Chapter 13 case;

**AND** this bankruptcy case having been dismissed on January 28, 2026;

**AND**, upon the Applicant's certification that proper service has been made on all interested parties;

**AND**, upon the Applicant's certification of no response;

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which. . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original);

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

-

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the docket the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$3,031.88**. See L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. The Chapter 13 Trustee is therefore authorized to distribute to the Applicant the allowed compensation $3,031.88, less $2,000.00 previously paid by the Debtor prepetition, as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) (en banc)).

[2] After reviewing the case docket and summary of time spent, I am unpersuaded that a fee of $5,197.50 is a reasonable amount to charge for representation of the interests of the Debtor. The docket does not reflect substantial work or benefit to the debtor during the case that would merit a fee as high as the relevant no-look fee. The debtor remained in bankruptcy for only seven (7) months. No plan was confirmed, and a motion to dismiss was granted.

I have therefore reduced Counsel's fee by approximately 42%, to a fee of $3,031.88. Such an approach permits the court to avoid becoming enmeshed in an overly cumbersome or disproportionate line-by- line fee review given the size of this case and the stakes involved. See Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

-

4.  Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

Date: March 4, 2026

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**